## WESLEY W. WILSON ET AL.
### v.
## THE PEOPLE, etc.

RECOGNIZANCE—EXTENT OF SURETY'S LIABILITY.—An undertaking by sureties on a recognizance, conditioned that the principal should appear at the next term of court, "then and there to answer and abide the order and judgment of the court," * * * "and thence not depart without lawful permission," was fully complete when the principal appeared and submitted to the jurisdiction of the court.

APPEAL from the Circuit Court of Johnson county; the Hon. C. N. DAMRON, Judge, presiding. Opinion filed April 14, 1882.

Mr. WILLIAM A. SPANN, for appellants.

Mr. A. G. DAMRON, for appellee; that although the recognizance may not contain all the conditions prescribed in the statute, yet the legal effect is the same as if they were incorporated, cited Gallagher v. The People, 88 Ill. 335; same case, 91 Ill. 590.

The sureties were not released until the order of the court was complied with: Garrison v. The People, 21 Ill. 539; Brown v. The People, 26 Ill. 31; VanBlaricum v. The People, 22 Ill. 88.

WALL, J. This was a *scire facias* upon a forfeited recognizance. The court overruled a demurrer thereto and rendered judgment for the penalty of the bond and costs. The *scire facias* avers that the principal, Wilson, was arrested to answer an information preferred against him for selling liquor without license, and thereupon entered into this recognizance with his co-defendants as sureties, conditioned for his appearance at the February term next ensuing of said county court, then and there to answer and abide the order and judgment of the court touching the matter of the said information, and thence not depart without lawful permission; that said Wilson did appear at said term, and on the 18th February, 1881, upon his plea of guilty upon four counts of the information, the court assessed a fine, and ordered that he be committed to the common jail of the county until the fine and costs were paid; that on the 23d February, 1881, it appearing to the court that the said Wilson had not abided the final sentence of the court, but had departed the court without leave, and had not paid or secured the fine and costs, said Wilson was called and came not, and his sureties were called and failed to produce the said Wilson, and default was entered against the principal and sureties on said recognizance. The undertaking of the sureties was complete when the principal appeared, and submitted to the jurisdiction of the court. The judgment was that he stand committed until the fine and costs were paid, and it must be presumed that the sheriff in the performance of his duty, immediately took the defendant into his custody and placed him in jail, pursuant to the judicial mandate. The statement that five days afterward

C. & A. R. R. Co. v. Smith.

it appeared he had departed without leave, not having paid said fine and costs, is, to say the least, ambiguous. The allegation must be taken most strongly against the pleader, as it is presumed he will state the case as favorably as the facts will warrant. From the statement thus made the fair inference would be that Wilson escaped from the custody of the sheriff. We think the sureties would not be bound in that case. If they secured his presence and submission to the court, their obligation was performed, and they ought not to be responsible for the failure of the sheriff to retain him till the fine was paid. When he went into the custody of that officer, he went by operation of law beyond their control; though up to that point he had been constructively in their custody, and subject to arrest and surrender by them at any moment. This legal right to control him being gone, it would be unreasonable to hold them bound to produce him. The judgment is reversed and the cause remanded.

Reversed and remanded.